## Welch & Philpot v. State Tax Commission.

(Decided April 30, 1935.)

FUNK & PORTER for appellants.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON and S. H. BROWN, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On September 12, 1934, Welch & Philpot, a partnership composed of Elmer Welch and P. P. Philpot, executed an application for a permit to sell and retail vinous or spirituous liquors in unbroken packages by dispensary, as provided in what is known as the Kentucky Alcoholic Control Act (chapter 146, Kentucky Statutes, 1934 Supplement, secs. 2554b-1 to 2554b-96, inclusive). This was filed with the state tax commission of Kentucky, accompanied by a bond in conformity with the requirements of the act and a check for the permit fee. In the application it is stated "that applicant's place of business is located at ¼ mi. North of Shepherdsville, Ky. on Highway No. 61." On September 15 the permit was granted. Two officials of Bullitt county wrote to the tax commission protesting against the issuance of a permit to the applicants and the affidavits of two persons setting forth certain mis-

conduct of applicants were filed with the commission. On September 19 the state tax commission revoked the permit and returned to the applicants their application bond and the check which had not been cashed.

On February 21 the applicants filed an appeal in the Franklin circuit court from the order of the state tax commission revoking their liquor permit, and in their petition or statement of appeal set forth in substance the foregoing facts and alleged that the tax commission without their consent and without any hearing or notice to them proceeded to and did revoke the permit and take same from their possession, all of which was done without legal right of authority and without due process of law; that the commission did not hear any evidence, and that the applicants nor either of them nor any of their agents had violated any of the provisions of the Kentucky Alcoholic Control Act nor had they done anything to authorize the revocation of their permit; that they had appeared in person and by an attorney before the state tax commission and asked that the permit be reinstated and the order of revocation set aside, but the commission had failed to comply with their request. They prayed that they be adjudged the owner of and entitled to the permit No. 1293 which was issued to them and that the order attempting to revoke same be set aside and held for naught. They filed with their petition the permit, letters, and documents hereinbefore referred to and also a transcript of evidence which is entitled "Miles Sloan, Court of Inquiry, Welch and Philpot permit."

The Attorney General, on behalf of the state tax commission, filed a general demurrer to the petition and also filed answer for them making a general denial of the allegations of the petition respecting the revocation of the permit. The court sustained the demurrer to the petition or statement of appeal, and, applicants declining to further plead, their appeal was dismissed, and they are prosecuting this appeal.

It is argued on behalf of appellants that the state tax commission was without authority to revoke a liquor permit without just cause, and then only upon proper notice and hearing. On the other hand, it is argued by counsel for appellee that the tax commission had a right to revoke the permit without a hearing, and there was

sufficient cause for revoking the permit which had been issued to appellants. It will be noted that appellants allege that they had been deprived of their permit without notice or hearing, and this is denied by answer. As already indicated, appellants filed with their petition a transcript of evidence at some hearing concerning their permit, but it does not appear whether this was a hearing held by or at the instance of the tax commission or whether appellants had notice of or were present at the hearing; however, the conclusion we have reached renders it unnecessary to enter into these matters.

Section 13, article 4, of the act (section 2554b-35, Kentucky Statutes, 1934 Supplement), among other things provides in substance that the applicant shall describe the premises to be permitted, stating the street number, and, if it have no street number, such other description as will reasonably indicate the locality thereof; that he shall also state the nature of his interest in the premises and the name of any other person either as a principal or associate interested with him in the premises or in the business to be permitted; and section 15 (b) of the same article (section 2554b-38 of the Statutes) provides that the permit shall contain a description of the premises by street and number or otherwise.

These provisions clearly bespeak an intention upon the part of the Legislature that there must be definiteness and certainty respecting the persons interested in the permitted premises and the business permitted, and also the description of the premises, to the end that officers and others charged with or interested in the enforcement of the law may determine from the permit with precision and assurance of certainty where alcoholic liquors may be legally dispensed, and the persons prvileged to dispense them. The sound reason and public policy underlying this requirement is self-evident.

The permit issued merely described the property as "located on Highway No. 81, Shepherdsville, Bullitt county, Ky." We assume that the insertion of the num- "81" instead of "61," as appears in the application, was a typographical error, but this is immaterial, since, if the permit had literally followed the application in this particular, neither of the documents complied with the mandatory provisions of the law above indicated.

288

It was in fact a blanket permit to dispense liquors at any point on the highway, without any reference to or description of the property where the privilege attempted to be conferred was to be exercised, and, because of the failure to comply with the material and essential requirements of the law, we are constrained to hold that the permit was absolutely void and conferred no rights or privileges whatever. It follows, therefore, that the action of the lower court in sustaining the demurrer and dismissing the appeal was proper. All other questions are reserved.

Judgment affirmed.

Whole court sitting.